IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,960-01






EX PARTE FLOYD WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 355904 IN THE 183RD JUDICIAL DISTRICT


COURT FROM HARRIS COUNTY





 Per curiam.


O R D E R



 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of murder
and punishment was assessed at confinement for twenty-five years. There was no appeal from
this conviction.

 Applicant contends that his total credits on this sentence exceed twenty-five years, but the
Texas Department of Criminal Justice, criminal institutions division, has failed to designate this
sentence as having "ceased to operate." The trial court has entered findings of fact that Applicant
has failed to comply with § 501.0081, Tex. Gov. Code, but we do not agree, because Applicant is
not challenging the amount of credit he has received for time served.

 It is this Court's opinion that previously submitted affidavits provide insufficient detail
and additional facts need to be developed. Since this Court cannot hear evidence, Ex Parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum. 
The trial court may resolve those issues as set out in Article 11.07, § 3(d), TEX.CODE
CRIM.PROC., in that it may order additional affidavits, depositions, or interrogatories from the
Texas Department of Criminal Justice, criminal institutions division, either stating that Applicant
has been conditionally released from confinement or reciting in detail the method of how
Applicant's mandatory supervision date is being calculated. Alternatively, the court may order a
hearing.

 If the trial court elects to hold a hearing the court should first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent, and Applicant desires representation
by counsel, the trial court shall then appoint an attorney to represent him at the hearing pursuant
to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court should make findings of
fact as to whether Applicant has been conditionally released from confinement and, if not, what
other sentences Applicant is serving, the date of commission of each of the offenses underlying
each of those other sentences, whether Applicant is deemed eligible for release on mandatory
supervision as to each sentence, what time credits Applicant has accrued on his sentences, and
how those credits are being applied to determine Applicant's mandatory supervision release date. 
The trial court should also make any further findings of fact and conclusions of law which it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes from
any evidentiary hearing, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 90 days of the date of this order. (2) 




DELIVERED: December 7, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.